# 𝕮𝖆𝖘𝖊𝖘

# FIRST DEPARTMENT

AT

# GENERAL TERM.

## July, 1877.

THOMAS S. ROBINSON, Respondent, v. MATTHEW T. BRENNAN, Sheriff, etc., Appellant.

*Execution — power of the attorney over — Assignment of judgment — rights of sheriff until notified of.*

After executions had been issued upon two judgments, the latter were assigned to the plaintiff, who gave no notice thereof to the sheriff. Subsequently, the attorney of the plaintiff in the judgments instructed the sheriff to return the executions *nulla bona*, and apply money received from the sale of the judgment debtors property on which a levy had been made under the first execution upon a subsequent judgment.

In an action by the assignee of the judgment against the sheriff for a false return, *held*, that the sheriff was protected in obeying the directions of the attorney for plaintiff in the judgment, until notified of the assignment, and that the plaintiff was not entitled to recover.

APPEAL from a judgment entered on a verdict in favor of the plaintiff, and from an order denying a motion for a new trial on the minutes of the justice before whom the action was tried.

*Almon Goodwin* and *A. J. Vanderpoel,* for the appellant.

*Robert Sewell,* for the respondent.

DAVIS, P. J. :

· This action was brought for an alleged false return, made on two executions issued out of the Court of Common Pleas, upon a judgment recovered in the Marine Court and duly docketed in the former court. These executions were not strictly regular in all respects, but were, nevertheless, not void. It was the duty of the sheriff, therefore, to execute them. He could not avail himself of any of the defects alleged upon the trial, if they existed.

These executions were both issued by the attorney of record, of the plaintiff, and he had full authority to issue the same. Subsequently, and while the executions were in the hands of the sheriff, the plaintiff therein assigned the judgments to the present plaintiff, by certain instruments of assignment, which were produced and read on the trial.

There was no evidence given to show that notice of these assignments was ever given to the sheriff or his deputy. The attorney who issued the executions continued to act in respect to them by giving directions; and it was testified to by three of the witnesses on the trial that he gave directions that these executions should be returned *nulla bona*, and that the money which had been received at the sale of the defendant's property, should be applied on a subsequent execution in favor of one Gallagher, against the same defendant, upon which the attorney receipted money as collected on that execution, and as attorney for Gallagher. The testimony given by the witnesses on that subject does not seem to have been contradicted.

The conduct of the attorney in the case appears to have been fraudulent as between himself and the present plaintiff, the assignee of the judgment; and while there is no clear evidence on the subject in this case, there are certainly some reasons to suspect collusion between the attorney and the auctioneer and deputy sheriff. There was not, however, sufficiently definite or explicit evidence on that subject to justify the court in submitting the question to the jury. The power of the attorney over an execution is well settled; he may give such directions with respect to the conduct of the sheriff or deputy as the plaintiff himself could; and his directions in regard to the return of the execution are binding upon the plaintiff.

No notice having been given to the sheriff of the rights of the

assignee, he occupied the same relation in respect to the execution as the plaintiff of record would have done. It seems to be extremely well settled by the authorities of this State, that no action will lie against a sheriff for any act done by his deputies under or in relation to the execution, in obedience to the directions of the attorney who issued it. (*Mickels* v. *Hart,* 1 Denio, 548; *Sheldon* v. *Payne,* 7 N. Y., 453; *Acker* v. *Ledyard,* 8 Barb., 514; *Gorham* v. *Gale,* 7 Cow., 739.)

In respect to the appeal from the order, we are of opinion that the motion should have been granted, under the evidence in the case, on the ground of excessive damages; but it is not necessary to consider that question. It may well be that the plaintiff, on a new trial, will be able to show the alleged collusion between the attorney of record and the attorney who made the return, in such manner as to charge the sheriff with the whole amount now recovered; but as the case now stands we think there should have been no recovery.

The order and judgment should be reversed, and a new trial ordered, with costs to abide event.

Brady and Daniels, JJ., concurred.

Judgment and order reversed, new trial granted, with costs to abide event.